T.C. Memo. 1996-343


UNITED STATES TAX COURT


CITY OF COLUMBUS, OHIO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 3301-95B.                    Filed July 30, 1996.


David L. Miller, for petitioner.

Rebecca L. Caldwell-Harrigal and Richard L. Carlisle, for

respondent.


SUPPLEMENTAL MEMORANDUM OPINION


TANNENWALD, <u>Judge</u>:  Petitioner has filed motions to

reconsider our prior opinion herein (106 T.C. 325, filed May 14,

1996) and to vacate and revise our decision entered in accordance

[*]  This opinion supplements our opinion in <u>City of Columbus v.
Commissioner</u>, 106 T.C. 325 (1996).

with that opinion.  Respondent has filed responses thereto as ordered by the Court.

The substance of petitioner's motion for reconsideration is our alleged failure to take into account certain legislative history which, according to petitioner, should cause us to reach the opposite conclusion from that articulated in our prior opinion.  In its reply brief submitted prior to the issuance of that opinion, petitioner, for the first time, argued that its proposed issue was entitled to the benefit of the pre-1986 rules, relying on material in the General Explanation of the Tax Reform Act of 1986 prepared by the staff of the Joint Committee on Taxation (the General Explanation) in connection with the enactment of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085.  The General Explanation stated with respect to new provisions dealing with arbitrage bonds:

> Congress intended this provision to prohibit issuance of refunding bonds (as well as new issues) of pension arbitrage bonds after September 25, 1985, <u>regardless of whether the proceeds</u> of the refunded bonds used to acquire the annuities may <u>have been treated as spent proceeds under prior law</u> * * * [Staff of the Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1986, at 1202 (J. Comm. Print 1987); emphasis added.]

To this statement, the following footnote was added:

> <u>A technical amendment may be necessary for the statute to reflect this intent</u>. [<u>Id.</u> at 1202 n.155; emphasis added.]

In its reply brief, petitioner went on to state that, because "no subsequent technical amendment * * * was ever enacted

reflecting such an intent", we should conclude that, without such technical amendment, the language in the body of the General Explanation ought not to be taken into account. We were of the view, however, that petitioner's argument was far too speculative to merit consideration and consequently saw no need to refer to the language in the body of the General Explanation or the footnote because other materials which we discussed in our prior opinion furnished more than an adequate foundation for our conclusion.

In its motion for reconsideration, petitioner sets forth its new discovery, namely that Congress in enacting the Technical and Miscellaneous Revenue Act of 1988 (TAMRA 1988), Pub. L. 100-647, sec. 1013(d), 102 Stat. 3342, 3548, included the following addition as section 1314(h) of the Tax Reform Act of 1986:

> (h) Arbitrage Restriction on Investments in Investment-Type Property.--In the case of a bond issued before August 16, 1986 (September 1, 1986 in the case of a bond described in section 1312(c)(2)), section 103(c) of the 1954 Code shall be applied by treating the reference to securities in paragraph (2) thereof as including a reference to investment-type property but only for purposes of determining whether any bond issued after October 16, 1987, to advance refund such bond (or a bond which is part of a series of refundings of such bond) is an arbitrage bond (within the meaning of section 148(a) of the 1986 Code).

Petitioner asserts that this provision requires us to determine the tax-exempt status of the bond issue involved herein under the 1954 Code and not the 1986 Code, which came into being

by virtue of the Tax Reform Act of 1986.  It argues that the definition of investment-type property as defined in the 1986 Code applies only to "advance refund" bonds and that the 1994 BANS and the bonds at issue herein are not such bonds.

Particularly in the absence of any legislative history,[1] we are unwilling to conclude that the definition of investment-type property set forth in the transitional section 1314(h) of TAMRA 1988 should apply to an advance refund but not to a prepayment. Both types of financing accomplish the same objective, namely to obtain a financial advantage from the interim use of borrowed funds in the case of an advance refunding in one case or from a discount by payment in advance of the due date in the other.  We are reinforced in this view by section 1.148-1(b), Income Tax Regs., dealing with prepayments, see City of Columbus v. Commissioner, 106 T.C. at 331-332, and the absence of any reference therein to any transitional exception.  See also sec. 1.148-11, Income Tax Regs.; sec. 1.148-11T, Temporary Income Tax Regs., 59 Fed. Reg. 24046 (May 10, 1994).  This regulation, with its specific recognition of realistically defined exceptions to its application, is consistent with the clearly expressed concerns of Congress in 1986, discussed in our prior opinion, City of Columbus v. Commissioner, 106 T.C. at 331, and again in

---

[1]  Neither petitioner nor our own research has revealed any such history.

1988 at the time the legislation containing the transitional rule was enacted, discussed in <u>City of Columbus v. Commissioner</u>, 106 T.C. at 332-333.

In view of the foregoing, petitioner's motions will be denied.

<u>An appropriate order will</u>

<u>be issued</u>.